UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**NATIONWIDE JUDGMENT
RECOVERY, INC.,**

          **Petitioner,**

**v.**                                  **Case No: 6:21-mc-65-WWB-EJK**

**PHILLIP BENNETT,**

          **Defendant.**

## ORDER

This cause comes before the Court on the Motions for Writs of Garnishment, After Judgment (the "Motions") (Docs. 28, 29), filed February 13, 2023, against Fairwinds Credit Union and Fifth Third Bank, filed by Nationwide Judgment Recovery, Inc. ("Nationwide"), as assignee of Matthew Orso, Successor Trustee to Kenneth D. Bell, in his capacity as Court-Appointed Receiver for Rex Venture Group, LLC. Attached to the Motions for Writs of Garnishment are proposed writs. (Docs. 28-1; 29-1.) For the reasons set forth below, the Motions are due to be granted.

Nationwide registered a foreign judgment (the "Judgment") from the Western District of North Carolina, Charlotte Division, in this Court. (Doc. 1-1.) The Judgment is against Defendant Phillip Bennett in the amount of $19,516.12, plus post-judgment interest. (*Id.* at 3.) Nationwide contends that the Judgment remains outstanding and that Fairwinds Credit Union and Fifth Third Bank (collectively, the "Garnishees") have in their "possession or control" "tangible or intangible personal

property of [Bennett]" "sufficient to satisfy the judgment in whole or in part." (Docs. 28 ¶¶ 4–5; 29 ¶¶ 4–5.) As such, Nationwide seeks the issuance of writs of garnishments directed at the Garnishees. (Docs. 28 at 4; 29 at 4.)

"A money judgment is enforced by a writ of execution." Fed. R. Civ. P. 69(a)(1). "The procedure on execution . . . must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." *Id.* Federal Rule of Civil Procedure 64 provides that a judgment-creditor has access to "every remedy . . . available . . .under the law of [Florida] . . . for seizing a . . . property to secure satisfaction of the potential judgment." Fed. R. Civ. P. 64(a)

Under Florida law, "[a]fter judgment has been obtained against defendant . . . the plaintiff, the plaintiff's agent or attorney, shall file a motion . . . stating the amount of the judgment." Fla. Stat. § 77.03. "Every . . . entity who has . . . recovered judgment in any court against any person . . . has a right to a writ of garnishment." Fla. Stat. § 77.01. Section 77.04 provides the form of the writ:

> The writ shall require the garnishee to serve an answer on the plaintiff within 20 days after service of the writ stating whether the garnishee is indebted to the defendant at the time of the answer, or was indebted at the time of service of the writ, plus up to 1 business day for the garnishee to act expeditiously on the writ, or at any time between such times; in what sum and what tangible or intangible personal property of defendant the garnishee has in his or her possession or control at the time of his or her answer, or had at the time of the service of the writ, or at any time between such times; and whether the garnishee knows of any other person indebted to defendant, or who may have any of the property of defendant in his or her possession or control. The writ shall state the amount named in plaintiff's motion. If the garnishee is a business entity, an authorized employee or agent of the entity may execute, file, and serve the answer on behalf of the entity.

Fla. Stat. § 77.04.

Nationwide has complied with Rule 69 and Florida law—the proposed writs of garnishment contain all the necessary language under § 77.04. Thus, the Court finds that Nationwide has demonstrated entitlement to the writs.

Accordingly, it is hereby **ORDERED** that the Motions for Writs of Garnishment (Docs. 28, 29) are **GRANTED**. The Clerk is **DIRECTED** to **ISSUE** the proposed writs of garnishment (Docs. 28-1; 29-1).

**DONE** and **ORDERED** in Orlando, Florida on February 21, 2023.


EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE